IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE MCKINLEY CARTER, JR., | : | CIVIL NO. 3:CV-11-1774 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, WARDEN | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Jesse McKinley Carter, Jr. ("Carter"), an inmate confined at the Federal Prison Camp in Lewisburg ("FPC-Lewisburg"), Pennsylvania. The petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

I.   **Background**

Carter brings the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging "the Federal Bureau of Prisons Male Custody Classification Form." (Doc. 3, at 1.) He alleges that he has been "resentenced pursuant to Criminal History Category Scoring, which amounts to an ex-post facto violation of the Constitution." (Id.)

As relief, he seeks an order directing the Federal Bureau of Prisons ("BOP") "to correct the errors in Petitioner's Male Custody Classification Form to reflect a Criminal History Score: (0) 1 point and Escapes: (0), because the Federal Bureau of Prisons does not have the authority to resentence Petitioner by using the Male Custody Classification Form. . .

." (Doc. 3, at 7.)

## II. Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition and supporting materials reveals that Carter does not seek speedier or immediate release from custody or challenge the legality of his present incarceration. Rather, he contends that errors in his custody classification form violate the ex post facto clause and may impact "transfers and/or other programs that may become available in the near future." (Doc. 8, at 5.) Because he is concerned with the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action. Consequently, the

petition will be dismissed without prejudice to any right Carter may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 30, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSE MCKINLEY CARTER, JR., | : | CIVIL NO. 3:CV-11-1774 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| B.A. BLEDSOE, WARDEN | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2011, upon consideration of the petition for writ of habeas corpus (Doc. 1), and supporting documentation (Docs. 3, 4, 8), and upon consideration of respondent's response to the petition (Doc. 7), it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court